IN RE: STRUCTURED TRUST ADVAN-
TAGED REPACKAGED SECURI-
TIES (STARS) TRANSACTIONS LIT-
IGATION.

Sovereign Bancorp, Inc. v. Unit-
ed States of America, D. Massa-
chusetts, C.A. No. 1:09–11043

Wells Fargo & Co. v. United States
of America, D. Minnesota, C.A.
No. 0:09–2764.

MDL No. 2176.

United States Judicial Panel on
Multidistrict Litigation.

Aug. 6, 2010.

Before ROBERT L. MILLER, JR.,
Acting Chairman, JOHN G. HEYBURN
II, Chairman,* KATHRYN H. VRATIL,
DAVID R. HANSEN, W. ROYAL
FURGESON, JR., FRANK C.
DAMRELL, JR. and BARBARA S.
JONES, Judges of the Panel.

### ORDER DENYING TRANSFER

ROBERT L. MILLER, JR., Acting
Chairman.

**Before the entire Panel \*:** Common
defendant the United States of America
(the Government) has moved, pursuant to
28 U.S.C. § 1407, for centralization of this
litigation in the District of Massachusetts.
This litigation currently consists of one
action in that district and one action in the
District of Minnesota.

Responding plaintiffs Wells Fargo & Co.
(Wells Fargo) and Santander Holdings
USA, Inc. (Santander) oppose centraliza-
tion. Wells Fargo is the sole plaintiff in
the District of Minnesota action. Santan-

der, formerly known as Sovereign Bancorp
Inc., is the sole plaintiff in the District of
Massachusetts action. If the Panel never-
theless orders centralization, plaintiffs sug-
gest the District of Minnesota as transfer-
ee district.

On the basis of the papers filed and
hearing session held, we will deny the
motion for centralization. These two tax
refund actions before the Panel do share
some factual and legal issues concerning
Structured Trust Advantaged Repackaged
Securities (STARS) transactions—transac-
tions engaged in by certain U.S. banks,
including plaintiffs, with Barclays Bank
PLC (Barclays), a United Kingdom lend-
ing institution. The Government describes
the STARS transactions as an elaborate
illegal tax shelter—a multi-step tax avoid-
ance scheme devoid of economic substance
or business purpose. Wells Fargo and
Santander, on the other hand, contend that
they entered into the transactions with
Barclays because they offered the opportu-
nity to earn a profit by borrowing funds
from Barclays at below-market rates and
then lending or investing those funds at a
higher rate.

The transactions, however, were not
identical. Each involved over one billion
dollars in financing, and each was, at least
to some extent, independently negotiated,
evaluated, and implemented. Centraliza-
tion would also work only an incomplete
fix, in that it would not gather all litigation
concerning the STARS transactions before
a single court. There are pending Tax
Court and Court of Federal Claims actions
not encompassed by the Government's
Section 1407 motion, as well as a STARS
transaction under consideration by the Ap-
peals Division of the Internal Revenue
Service. Finally, each of the presiding

---

* Judge Heyburn took no part in the disposition      of this matter.

judges in these actions has indicated to the parties that he is unable to serve as transferee judge, in the event that the Panel orders centralization. Thus, if a new MDL were created, a brand new judge would be forced to become familiar with these complex actions.

Given the above-described circumstances, we conclude that centralization would not necessarily serve the convenience of the parties or promote the just and efficient conduct of the litigation, taken as a whole. In their briefs, plaintiffs have stated that they are willing to cooperate with the Government in taking concrete steps to avoid duplicative discovery and otherwise reduce the time and expense needed to litigate these matters. We trust that these are not empty words, and that both plaintiffs and the Government will pursue, in good faith, all practicable methods of informal coordination.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.