729 F.Supp.2d 1357 (2010)
In re: STRUCTURED TRUST ADVATAGED REPACKAGED SECURTIES (STARS) TRANSACTIONS LIIGATION.
Sovereign Bancorp, Inc. v. United States of America, D. Massachusetts, C.A. No. 1:09-11043
Wells Fargo & Co. v. United States of America, D. Minnesota, C.A. No. 0:09-2764.
MDL No. 2176.
United States Judicial Panel on Multidistrict Litigation.
August 6, 2010.
Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman,[*] KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and BARBARA S. JONES, Judges of the Panel.

ORDER DENYING TRANSFER
ROBERT L. MILLER, JR., Acting Chairman.
Before the entire Panel[*]: Common defendant the United States of America (the Government) has moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in the District of Massachusetts. This litigation currently consists of one action in that district and one action in the District of Minnesota.
Responding plaintiffs Wells Fargo & Co. (Wells Fargo) and Santander Holdings USA, Inc. (Santander) oppose centralization. Wells Fargo is the sole plaintiff in the District of Minnesota action. Santander, formerly known as Sovereign Bancorp Inc., is the sole plaintiff in the District of Massachusetts action. If the Panel nevertheless orders centralization, plaintiffs suggest the District of Minnesota as transferee district.
On the basis of the papers filed and hearing session held, we will deny the motion for centralization. These two tax refund actions before the Panel do share some factual and legal issues concerning Structured Trust Advantaged Repackaged Securities (STARS) transactionstransactions engaged in by certain U.S. banks, including plaintiffs, with Barclays Bank PLC (Barclays), a United Kingdom lending institution. The Government describes the STARS transactions as an elaborate illegal tax sheltera multi-step tax avoidance scheme devoid of economic substance or business purpose. Wells Fargo and Santander, on the other hand, contend that they entered into the transactions with Barclays because they offered the opportunity to earn a profit by borrowing funds from Barclays at below-market rates and then lending or investing those funds at a higher rate.
The transactions, however, were not identical. Each involved over one billion dollars in financing, and each was, at least to some extent, independently negotiated, evaluated, and implemented. Centralization would also work only an incomplete fix, in that it would not gather all litigation concerning the STARS transactions before a single court. There are pending Tax Court and Court of Federal Claims actions not encompassed by the Government's Section 1407 motion, as well as a STARS transaction under consideration by the Appeals Division of the Internal Revenue Service. Finally, each of the presiding *1358 judges in these actions has indicated to the parties that he is unable to serve as transferee judge, in the event that the Panel orders centralization. Thus, if a new MDL were created, a brand new judge would be forced to become familiar with these complex actions.
Given the above-described circumstances, we conclude that centralization would not necessarily serve the convenience of the parties or promote the just and efficient conduct of the litigation, taken as a whole. In their briefs, plaintiffs have stated that they are willing to cooperate with the Government in taking concrete steps to avoid duplicative discovery and otherwise reduce the time and expense needed to litigate these matters. We trust that these are not empty words, and that both plaintiffs and the Government will pursue, in good faith, all practicable methods of informal coordination.
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.
NOTES
[*] Judge Heyburn took no part in the disposition of this matter.